ANN McENTEE, Respondent, *against* ANTHONY SPIEHLER, Appellant.

(Decided May 22d, 1884.)

The Civil Damage Act (L. 1873 c. 646) does not give a right of action against a person for selling intoxicating liquors to another unless the plaintiff has suffered injury from the intoxication of such other person; and such intoxication must be alleged in the complaint.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York (now the City Court of New York) affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The facts are stated in the opinion.

*James C. De La Mare*, for appellant.

*William F. Browne*, for respondent.

---

* The judgment entered upon this decision was affirmed upon appeal to the Court of Appeals, May 5th, 1885 (see 99 N. Y. 150.)

VAN HOESEN, J.—The complaint alleged that the defendant kept an ale, wine and liquor store in the city of New York, and that the husband of the plaintiff, for five years, had been a regular customer of the defendant, and a large purchaser of ales, wines and liquors, against the wishes of the plaintiff, and that said husband had spent and squandered large sums of money for the purchase of said ales, wines and liquors, and had thereby impoverished himself, the plaintiff, and their family ; and that she had repeatedly forbidden the defendant to sell liquor to her husband.

At the opening of the trial, a motion was made to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff's counsel moved to amend the complaint by inserting an allegation that the ales, wines and liquors purchased by the husband were drunk upon the premises of the defendant, by the said husband.

The amendment was allowed ; and another motion to dismiss the complaint was made upon the ground that, even as amended, it did not state facts sufficient to constitute a cause of action. The motion was denied, and the defendant excepted.

The exception was well taken ; for the complaint failed to set out a cause of action under the statute.

It does not allege that the husband was an intoxicated person, or that the damage that the plaintiff sustained was in consequence of his intoxication. The statute does not give a right of action unless the plaintiff suffers from the intoxication of another. Intoxication is, therefore, a fact that must be alleged in the complaint.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.